UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
RABEY A. HASSAN,

                        Plaintiff,

       -against-

CLASSIC FOOD INC. d/b/a SIDO FALAFEL
& MORE and EMILE AKLEH, individually,

                        Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11/30/2021__

20 Civ. 7549 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Rabey A. Hassan, brings this action against Defendants, Classic Food Inc. and Emile Akleh, to recover unpaid wages, overtime payments, statutory penalties, and liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* and parallel state law claims. Compl., ECF No. 1. Defendants defaulted by failing to answer the complaint in a timely manner. *See* ECF No. 19. Accordingly, on November 6, 2020, the Clerk of Court entered a certificate of default. *Id.* Defendants now move to vacate the certificate of default. ECF No. 33. For the reasons stated below, the motion is GRANTED.

## BACKGROUND

Plaintiff commenced this action on September 15, 2020. ECF No. 1. Defendants were served with the summons and complaint on September 17, 2020, and were due to answer the complaint by October 8, 2020. ECF Nos. 11, 12. Defendants failed to do so. On November 6, 2020, Plaintiff requested that the Clerk of Court enter a certificate of default against Defendants, ECF No. 17, which the Clerk of Court entered the same day, ECF No. 19.

On January 29, 2021, Plaintiff moved for default judgment against all defendants. ECF Nos. 22–25. On April 21, 2021, the Court directed Defendants to show cause why the Court should not enter a default judgment against them pursuant to Rule 55(b) of the Federal Rules of

Civil Procedure. ECF No. 27. On May 7, 2021, Defendants' counsel entered a notice of appearance, ECF No. 31, and filed a motion to set aside the certificate of default. ECF No. 33. Given that Defendants appeared before the Court's entry of a default judgment, the Court directed the parties to file a joint letter and case management plan, ECF No. 42, which they have since done. ECF Nos. 43, 45. The Court approved the case management plan on August 4, 2021, which established discovery deadlines for this matter. ECF No. 46. The parties have subsequently filed letters indicating that discovery is underway. *E.g.*, ECF Nos. 47, 49, 50.

## DISCUSSION

Where, as here, "a final default judgment has not yet been entered," a certificate of default may be set aside for good cause. *Ramsaran v. Abraham*, No. 15 Civ. 10182, 2017 WL 1194482, at *9 (S.D.N.Y. Mar. 30, 2017) (quotation marks and citation omitted). In determining if vacatur is justified, the Court should look to "(1) whether the default was willful; (2) whether the defendant demonstrates the existence of a meritorious defense; and, (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *New York v. Green*, 420 F.3d 99, 108 (2d Cir. 2005) (citation omitted). In light of the "[s]trong public policy" in favor of "resolving disputes on the merits," *American Alliance Insurance Co. v. Eagle Insurance Co.*, 92 F.3d 57, 61 (2d Cir. 1996), "all doubts must be resolved in favor of the party seeking relief from the [default]." *Green*, 420 F.3d at 104.

Here, all three factors weigh in favor of vacatur. First, the Court does not find that the default here was "willful." In the context of a default judgment, willfullness refers to "conduct that is more than merely negligent or careless, but is instead egregious and . . . not satisfactorily explained." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (citation omitted) (alteration in original). Here, Defendant Emile Akleh explains that after learning of the complaint, he quickly

2

made good-faith efforts to resolve the dispute informally by communicating with Plaintiff's attorney, and when those efforts failed, he contacted an attorney to resolve the dispute.  Akleh Aff. ¶¶ 11, 12, ECF No. 36.  Due to a miscommunication and because Akleh's attorney's office closed during the COVID-19 pandemic, Akleh's attorney did not receive the complaint.  *Id.* ¶¶ 13, 14.  Akleh was subsequently hospitalized for hip replacement surgery and has since faced medical and financial isssues in his recovery.  *Id.* ¶¶ 16–19.  Although these facts suggest that Defendants were "negligent or careless" in failing to initially appear, they do not meet the high bar to suggest Defendants' conduct was "egregious."  Moreover, it is undisputed that after receiving notice of Plaintiff's motion for default, Akleh formally retained counsel, who has since appeared in this matter, *see* ECF No. 31, and has been "diligently participating in the legal process" on Defendants' behalf,  including by filing the instant motion.  *Carrasco v. Acropol Rest. Corp.*, No. 18 Civ. 7883, 2019 WL 2325556, at *3 (S.D.N.Y. May 31, 2019). This clearly evinces Defendants' intent to fulfill their obligations as litigants.  *Id.*

Second, Plaintiff will not be prejudiced by vacatur of the certificate of default.  The Second Circuit has made clear that "delay standing alone does not establish prejudice" for purposes of the factors considered in showing good cause.  *Enron Oil Corp. v. Diakuhara.*, 10 F.3d 90, 98 (2d Cir. 1993).  "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (internal quotation marks omitted).  Here, since June 2021, Plaintiff has actively participated in the litigation process, including by conferring with Defendants to submit a case management plan and participating in the discovery process.  Plaintiff alleges only that he has incurred additional litigation expenses to prepare his motion for default, Pl. Mem. at 10, ECF No. 40, but does not show decisively that the delay has caused loss of evidence, issues with

discovery, or further opportunities for fraud and collusion. Accordingly, the Court cannot conclude that Plaintiff would be prejudiced by vacatur.

Finally, Defendants have presented a meritorious defense. "A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Am. All. Ins. Co.*, 92 F.3d at 61 (citation omitted). Although a defendant must do more than offer "conclusory assertions" or "dispute the amount of damages," *Bricklayers & Allied Craftworkers*, 779 F.3d at 187, the bar for such a showing is not high: "a defendant's allegations are meritorious if they contain 'even a hint of a suggestion' which, if proven at trial, would constitute a complete defense." *Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 339 (S.D.N.Y. 2013) (citation omitted). "[A] defense that the parties were properly paid constitutes a 'meritorious defense.'" *Addison v. Reitman Blacktop, Inc.*, 272 F.R.D. 72, 81 (E.D.N.Y. 2010); *Franco v. Ideal Mortg. Bankers, Ltd.*, No. 07 Civ. 3956, 2010 WL 3780972, at *3 (E.D.N.Y. Aug. 23, 2010) (holding that the defense that "the employees were paid all wages due to them under FLSA" constituted a meritorious defense for the purposes of vacating an entry of default). Here, Akleh's affidavit states that Plaintiff consistenetly "worked no more than eight (8) hours in a day," and between his salary and tips, received payment in excess of the minimum wage. Akleh Aff. ¶¶ 5, 7. Akleh also states that Plaintiff requested that his paystubs show reduced income to enable him to qualify for Medicaid. *Id.* ¶ 6. The Court concludes that these factual allegations are sufficient to constitute a "meritorious defense" if proven true at trial, particularly given the Court's obligation to resolve "all doubts . . . in favor of the party seeking relief from the [default]." *Green*, 420 F.3d at 104.

Accordingly, Defendants' motion to vacate the certificate of default is GRANTED. The Clerk of Court is directed to vacate the certificate of default entered at ECF No. 19, and to terminate the motion at ECF No. 49. By **December 7, 2021**, Defendants shall file their proposed answer.

SO ORDERED.

Dated: November 30, 2021
New York, New York

_____
ANALISA TORRES
United States District Judge