UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
RABEY A. HASSAN,                                     :
                                                     :
               Plaintiff,                          :      20-CV-7549 (OTW)
                                                     :
               -against-                            :      **OPINION & ORDER**
                                                     :
CLASSIC FOOD INC., et al.,                           :
                                                     :
               Defendants.                         :
                                                     :
                                                     :
-------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge:**

Plaintiff Rabey A. Hassan brought this action against Classic Food Inc., d/b/a Sido Falafel & More, and Emile Akleh (collectively "Defendants") in accordance with the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff alleged failure to pay "minimum wage, overtime wages, spread of hours, and failed to keep records." (ECF 79 at 2). Plaintiff and Defendants reached a settlement and now seek Court approval of their proposed settlement agreement under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). All parties have consented to my jurisdiction to decide the motion in accordance with 28 U.S.C. § 636(c). (ECF 72). For the reasons below, the Court **APPROVES** the settlement agreement as fair and reasonable under *Cheeks*.

**I.      Background[1]**

Plaintiff was employed as a chef for Defendants from on or about 1997 through March 22, 2022. (ECF 79-2 ¶ 6). Throughout the course of his employment, his duties included

---
[1] The following facts are as alleged in Plaintiff's complaint. (*See* ECF 1).

1

cooking, managing, greeting, serving, and servicing Defendants' clients. (ECF 79-2 ¶ 12). Plaintiff alleges that during his time of employment, Defendants failed to pay him the correct minimum wage or overtime wages he was owed. (ECF 79-2 ¶ 19). Plaintiff further alleges that Defendants did not pay Plaintiff a spread of hours premium, and did not provide Plaintiff with a written notice of his rate of pay or keep proper payroll records. (ECF 79-2 ¶¶ 21-30). Plaintiff commenced a lawsuit on September 15, 2020. (ECF 1). The parties engaged in mediation on August 9, 2022, and subsequently reached a settlement agreement. (ECF 79 at 1).

## II. Discussion

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc.*:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted).

### a. Range of Recovery

Plaintiff alleges that his potential maximum recovery was between $89,942.60 and

$255,744.40. (ECF 79 at 2). The proposed settlement amount is $50,000.00. (ECF 79 at 1). Of the total settlement amount, Plaintiff would receive $28,408.15, approximately 11% of his best-case scenario recovery.[2] This amount is not much lower than similar settlements approved by courts in this district. *See, e.g., Zorn-Hill v. A2B Taxi LLC*, No. 19-CV-1058 (KMK), 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020) (approving a settlement amount equal to 12.5% of the plaintiff's best-case scenario recovery). Plaintiff's counsel would then take $21,591.85 in fees and costs. (ECF 79 at 1). Given the risks of litigation as noted below, the Court finds this amount reasonable.

### b. Burden and Risks of Litigation

Settlement enables the parties to avoid the burden and expense of preparing for trial. The parties' filings demonstrate that there are significant disputes present in this case that present them with risks were they to proceed with litigation. (ECF 79 at 3). While Plaintiff disputes the accuracy of Defendants' claims and records and testimony, Plaintiff acknowledges that "a judge or jury could certainly find them credible, in which Plaintiff's damages could be minimal." (ECF 79 at 3). Both parties acknowledge the risk involved in engaging in protracted and costly litigation. (ECF 79 at 3).

### c. Arm's Length Negotiation

The parties represent that the settlement was a product of extensive negotiations between experienced counsel who maintain employment law practices, and there is no evidence to the contrary. (ECF 79 at 3).

---

[2] (28,408.15 / 255,744.40 = .111)

3

### d. Risk of Fraud or Collusion

There is nothing in the record to suggest that fraud or collusion played a role in the settlement.

### e. Additional Factors

The release is appropriately limited to claims based on Plaintiff's employment up to the date the agreement was executed and does not seek to exceed the scope of wage-and-hour issues. *See Caprile v. Harabel Inc.*, 14-CV-6386, 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16, 2015) (finding limitation to employment-related claims sufficiently narrow).

This agreement also lacks certain objectionable provisions that courts have found fatal in other proposed FLSA settlements. The proposed settlement agreement contains no confidentiality provision and has already been filed in the public record. *See Thallapaka v. Sheridan Hotel Associates LLC*, No. 15-CV-1321, 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (finding "overwhelming majority" of courts reject confidentiality provisions in FLSA settlements). While the agreement does contain a non-disparagement provision, the provision is mutual and includes a carve-out for truthful statements. *Ramos Pelico v. PGNV, LLC*, No. 18-CV-09761 (PAC), 2019 WL 2710176, at *3 (S.D.N.Y. June 28, 2019) (concluding that non-disparagement clause in FLSA settlement agreement that was mutual and included an explicit carve-out for truthful statements was not objectionable).

The Court finds that, given the particular facts and potential damages in this case, the attorneys' fees award of $16,666.66 is reasonable, and represents approximately 33% of the total award. Although there is not a proportionality requirement, FSLA settlements generally amount to a third of the settlement award. *See Fisher v. SD Protection, Inc.*, 948 F.3d 593, 603

(2d Cir. 2020) (holding that the FLSA "simply provides for a reasonable attorneys' fee to be paid by the defendant"); *Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"); *Rodriguez-Hernandez v. K Bread & Co.*, 15-CV-6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3%").

The fees award is less than Plaintiff's counsel's stated lodestar, which is supported by billing records attached to the proposed settlement. (ECF 79 at 4; ECF 79-5 at 2-29). Plaintiff's counsel has also attached supporting documentation for costs. (ECF 79-5). Given these facts, the Court finds the requested award of attorneys' fees and costs to be reasonable.

### III.  Conclusion

For the foregoing reasons, the Court approves the parties' proposed settlement agreement of $50,000 as fair and reasonable. Plaintiff will receive **$28,408.15**. Plaintiff's counsel will receive **$21,591.85** of the settlement amount, with **$16,666.66** allocated to attorneys' fees and **$4,925.19** to costs. It is hereby **ORDERED** that this action is dismissed with prejudice. The Clerk is respectfully directed to close the case.

**SO ORDERED.**

Dated: December 8, 2022  
      New York, New York

_s/ Ona T. Wang_  
**Ona T. Wang**  
United States Magistrate Judge